IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CRAWFORD & COMPANY, | )<br>) |
| Plaintiff, | )<br>) |
| | ) CIVIL ACTION |
| v. | )<br>) |
| | ) FILE NO. 1:19-cv-00674-TCB |
| COGNIZANT TECHNOLOGY<br>SOLUTIONS U.S. CORPORATION, | )<br>)<br>) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.    Description of Case:**

**(a)    Describe briefly the nature of this action.**

This is a breach of contract action.  Plaintiff Crawford & Company ("Crawford") alleges that Defendant Cognizant Technology Solutions U.S. Corporation ("Cognizant") breached the Master Services Agreement ("MSA") and several Work Schedules, which govern Cognizant's performance on a software implementation project for Crawford.  Crawford seeks all relief available to it including, but not limited to, a refund of all fees paid to Cognizant and any relief necessary to provide Crawford with the benefit of the bargain it made with Cognizant.  Crawford also seeks to recover its fees and expenses of litigation.

Cognizant denies all of Crawford's claims and reserves the right to assert affirmative defenses and counterclaims, including for breach of contract due to Crawford's failure to pay several millions of dollars of invoices and for its fees and expenses of litigation.

**(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

In 2014, Crawford hired Cognizant to assist in the implementation of its Enterprise Resource Planning ("ERP") software, which is integrated software that streamlines business processes to achieve efficient finance operations.  One component of this implementation was "Project Atlas"—a project to implement a customized software program called "PeopleSoft Financials."  PeopleSoft Financials was to become a critical component of Crawford's internal operations and its client-facing services.

Under a preexisting Master Services Agreement ("MSA"), the parties agreed that Cognizant would provide certain "Services" and "Deliverables" pursuant to individual "Statements of Work" ("SOWs"), which along with their amendments are called "Work Schedules."  The parties executed dozens of SOWs and amendments governing the implementation of PeopleSoft Financials.  (*See* Dkt. 21.).

Crawford alleges that Cognizant breached the parties' contract by causing unreasonable delays and providing inadequate Services and Deliverables, including customized software code that failed to conform to Crawford's functional needs or satisfy software coding standards. Cognizant denies that its performance was inadequate or deficient in any respect. In 2018, Crawford withheld payment relating to some of Cognizant's invoices, which Cognizant maintains amounts to several millions of dollars.

**(c)  The legal issues to be tried are as follows:**

(1) Whether Cognizant breached its obligations under the parties' contract.

(2) Whether Crawford has satisfied all conditions precedent to its claims of breach of contract.

(3) Whether Cognizant waived conditions precedent to Crawford's claims of breach of contract.

(4) The amount of damages, if any, caused by Cognizant's alleged breach of contract.

(5) Whether Cognizant owes Crawford attorneys' fees and expenses arising out of its alleged breach of contract and the amount of such attorneys' fees and expenses.

(6) Any additional legal issues raised by any affirmative defenses or counterclaims Cognizant may assert.

**(d)  The cases listed below (include both style and action number) are:**

**(1)  Pending Related Cases:**

There are no pending related cases of which the parties are aware at this time.

**(2)  Previously Adjudicated Related Cases:**

There are no previously adjudicated related cases of which the parties are aware at this time.

**2.    This case is complex because it possesses one or more of the features listed below (please check):**

          _____   (1)   Unusually large number of parties
          _____   (2)   Unusually large number of claims or defenses
          _____   (3)   Factual issues are exceptionally complex
          _____   (4)   Greater than normal volume of evidence
          _____   (5)   Extended discovery period is needed
          _____   (6)   Problems locating or preserving evidence
          _____   (7)   Pending parallel investigations or action by government
          _____   (8)   Multiple use of experts
          __X__   (9)   Need for discovery outside United States boundaries
          _____  (10)  Existence of highly technical issues and proof
          _____  (11)  Unusually complex discovery of electronically stored information

Cognizant currently does not believe there is a need for discovery outside United States boundaries.

1768854.1

4

3.  **Counsel:**

   **The following individually-named attorneys are hereby designated as lead counsel for the parties:**

   **Plaintiff:**

   Tiana S. Mykkeltvedt
   Bondurant, Mixson & Elmore, LLP
   One Atlantic Center
   1201 West Peachtree Street, N.W.
   Atlanta, Georgia  30309
   Telephone: (404) 881-4144
   Email: mykkeltvedt@bmelaw.com

   **Defendant:**

   Andrew C. Shen
   Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
   1615 M Street, N.W., Suite 400
   Washington, DC 20036
   Telephone: (202) 326-7900
   E-mail: ashen@kellogghansen.com

4.  **Jurisdiction:**

   **Is there any question regarding this Court's jurisdiction?**

   ____Yes   X   No

   **If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.**

1768854.1

**5.     Parties to This Action:**

**(a)   The following persons are necessary parties who have not been joined:**

There are no necessary parties to this action that have not been joined.

**(b)   The following persons are improperly joined as parties:**

N/A

**(c)   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

N/A

**(d)   The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.     Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15.  Further instructions regarding amendments are contained in LR 15.**

**(a)   List separately any amendments to the pleadings that the parties anticipate will be necessary:**

At this time, the parties do not anticipate the need to amend the pleadings.

**(b)   Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)   *Motions to Compel*:  before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*:  within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)   *Other Limited Motions*:  Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)  *Motions Objecting to Expert Testimony*:  Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE:  Your initial disclosures should include electronically stored information.  Refer to Fed.R.Civ.P. 26(a)(1)(B).

The parties agree that initial disclosures are appropriate in this action.

**9.     Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The parties do not request a scheduling conference at this time.

**10.    Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

Plaintiff believes that discovery will be needed on the following topics:

(1) Cognizant's failure to perform services and provide deliverables according to the terms of the MSA and Work Schedules.

(2) Crawford's failure to provide customized software according to industry software coding standards.

(3) Cognizant's failure to properly perform critical aspects of Project Atlas, including blueprinting, design, the preparation of functional

1768854.1

specifications, configuration, programming, software coding, testing, and risk assessment.

(4) Cognizant's staffing practices as they relate to Project Atlas.

(5) Cognizant's failure to cure breaches of contract.

(6) Cognizant's internal communications concerning its performance under the MSA and Work Schedules.

(7) Cognizant's concealment or withholding of material facts regarding the testing and results of the testing of the ERP.

(8) Crawford's damages arising from Cognizant's breach of the MSA and Work Schedules.

Plaintiff reserves the right to investigate and seek discovery on all other topics that are relevant to the factual and legal issues in this case.

Defendant believes that discovery will be needed on the following topics:

(1) Documents and communications regarding the MSA and Work Schedules, including the accuracy of any assumptions or information provided by Crawford that is reflected in the Work Schedules.

(2) Documents and communications regarding the Services and Deliverables provided by Cognizant under the MSA and Work Schedules.

1768854.1

9

(3) Documents and communications regarding Crawford's failure to perform its obligations under the MSA or any Work Schedule, including:

   a. Crawford's unreasonable failure or delay in furnishing necessary information, equipment or access to facilities; and

   b. Crawford's unreasonable delays or failure to complete tasks required of Crawford.

(4) Documents and communications regarding Crawford's acceptance of the Services and Deliverables provided by Cognizant under the MSA and Work Schedules.

(5) Invoices and records of payments relating to the MSA and Work Schedules.

(6) Crawford's decision to stop paying Cognizant amounts owed under the MSA and Work Schedules.

Cognizant also reserves the right to investigate and seek discovery on all other topics that are relevant to the factual and legal issues in this case, including to any affirmative defenses and/or counterclaims Cognizant may assert.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties request a four-month period for fact discovery followed by a three-month period for expert discovery. *See* Proposed Scheduling Order, attached hereto.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

At this time, the parties do not request any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or this Court's Local Rules. The parties reserve the right to request such limitations following the exchange of initial disclosures.

**(b) Is any party seeking discovery of electronically stored information?**

  __X__ Yes            _____ No

If "yes,"

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties agree that limitations on the scope of production of electronically stored information are subject to further discussion. The parties further agree that

it is premature to establish search terms for document discovery, but have engaged in discussions concerning the format of document exchanges (see below).

**(2)   The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties agree to produce electronically stored information in the form of single page .TIF load files.  The load files will contain, at a minimum, (1) doc breaks (BegBates, EndBates), (2) Parent/Child relationships (BegAttach, EndAttach), and (3) extracted text.  The parties further contemplate the production of additional specific metadata fields (i.e., To, From, CC, Author, Doc Date, etc.) and agree to discuss additional fields at a later date.  Additional document production specifications are subject to discussion and agreement by the parties prior to production.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.   Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

At this time, the parties anticipate filing a proposed stipulated protective order. Other than this proposed order, the parties do not believe any orders under Rule 26(c) or Rule 16(b) and (c) are necessary at this time.

**13.    Settlement Potential:**

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>Monday, May 6, 2019</u>, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff:  Lead counsel (signature): <u>    /s/ Tiana S. Mykkeltvedt    </u>

   Other participants:        Michael R. Baumrind

For defendant:  Lead counsel (signature): <u>    /s/ Andrew C. Shen           </u>

   Other participants:        Andrew Hetherington

(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

   (_____) A possibility of settlement before discovery.
   (__X__) A possibility of settlement after discovery.
   (_____) A possibility of settlement, but a conference with the judge is needed.
   (_____) No possibility of settlement.

(c)   Counsel (_____) do or (__X__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20____.

(d)   The following specific problems have created a hindrance to settlement of this case.

The need for initial discovery.

**14.    Trial by Magistrate Judge:**

Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties (_____) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b)    The parties (__X__) do not consent to having this case tried before a magistrate judge of this Court.

| | |
|---|---|
| */s/ Tiana S. Mykkeltvedt* | */s/ Andrew C. Shen* |
| Tiana S. Mykkeltvedt | Andrew C. Shen |
| Bondurant, Mixson & Elmore, LLP | Kellogg, Hansen, Todd, Figel |
| One Atlantic Center |    & Frederick, P.L.L.C. |
| 1201 West Peachtree Street, N.W. | 1615 M Street, N.W., Suite 400 |
| Atlanta, Georgia  30309 | Washington, DC  20036 |
| Telephone: (404) 881-4144 | Telephone: (202) 326-7900 |
| Email: mykkeltvedt@bmelaw.com | E-mail: ashen@kellogghansen.com |
| | |
| Counsel for Plaintiff | Counsel for Defendant |

## **CERTIFICATION**

The undersigned counsel for Plaintiff Crawford & Company hereby certifies that the within and foregoing Joint Preliminary Report and Discovery Plan was prepared using 14-point Times New Roman font and complies with the margin and type requirements of this Court, per L.R. 5.1 (N.D. Ga.).

This 20th day of May, 2019.

*/s/ Michael R. Baumrind*
Michael R. Baumrind

1768854.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2019, I filed the foregoing Joint Preliminary Report and Discovery Plan using the Court's CM/ECF system which will automatically send notification to counsel of record as follows:

>Robert D. Ingram, Esq.
>Moore Ingram Johnson & Steele, LLP
>326 Roswell Street, Suite 100
>Marietta, Georgia  30060
>
>Andrew C. Shen (*pro hac vice*)
>Joshua D. Branson (*pro hac vice*)
>Andrew M. Hetherington (*pro hac vice*)
>Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
>1615 M Street, N.W., Suite 400
>Washington, D.C.  20036

This 20th day of May, 2019.

>*/s/ Michael R. Baumrind*
>Michael R. Baumrind

1768854.1

* * * * * * * * * * * * *

## SCHEDULING ORDER

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| CRAWFORD & COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO. 1:19-cv-00674-TCB |
| COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION, | ) ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## [PROPOSED] SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

| | |
|---|---|
| Fact discovery begins | 30 days after Defendant files its Answer |
| Fact discovery ends and expert discovery begins | 4 months after the start of fact discovery |

1768854.1

| | |
|---|---|
| Initial expert reports due for any issues upon which a party bears the burden of proof | 30 days after the close of fact discovery |
| Responsive expert reports due | 30 days after service of initial expert reports |
| Rebuttal expert reports due | 15 days after service of responsive expert reports |
| Close of expert discovery | 15 days after service of rebuttal expert reports or, if no rebuttal expert reports are filed, 30 days after responsive expert reports are served. |
| Motions for summary judgment and Daubert motions with regard to expert discovery due | 30 days after close of all discovery, including expert discovery |

IT IS SO ORDERED, this ____ day of _____, 2019.

_____
Hon. Timothy C. Batten, Sr.
UNITED STATES DISTRICT JUDGE

1768854.1

2